**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 22, 2018

Jody Wade Phillips
218 Old Ocean City Blvd., Apt. 808
Berlin, MD 21811

Jay C. Hinsley
Social Security Administration
6401 Security Boulevard, Room 617
Baltimore, MD 21235

> RE: *Jody Wade Phillips v. Commissioner, Social Security Administration*;
> Civil No. SAG-16-3365

Dear Mr. Phillips and Counsel:

On October 6, 2016, Plaintiff Jody Phillips, who proceeds *pro se*, petitioned this Court to review the Social Security Administration's final decision to deny his claims for benefits. [ECF No. 1]. I have considered the Commissioner's Motion for Summary Judgment. [ECF No. 22]. Mr. Phillips has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's decision, pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Phillips protectively filed claims for Supplemental Security Income ("SSI") on January 31, 2013, and Disability Insurance Benefits ("DIB") on February 1, 2013, alleging a disability onset date of December 13, 2012. (Tr. 166-72, 173-74). His claims were denied initially and on reconsideration. (Tr. 61-71, 73-83, 85-98, 100-13). A hearing was held on January 13, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 29-53). Following the hearing, the ALJ determined that Mr. Phillips was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-24). The Appeals Council ("AC") denied Mr. Phillips's request for further review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Phillips suffered from the severe impairments of "substance use disorder, personality disorder, and schizoaffective disorder." (Tr. 15). Despite these

---

[1] On November 1, 2017, the Clerk's Office mailed a Rule 12/56 letter to Mr. Phillips to advise him of the potential consequences of failing to respond to the Commissioner's motion. [ECF No. 23].

impairments, the ALJ determined that, if he stopped the substance use, Mr. Phillips would retain the residual functional capacity ("RFC") to:

> perform work at all exertional levels but with the following nonexertional limitations. The claimant has to avoid climbing ladders, ropes and scaffolds, but he can perform other postural movements frequently. The claimant is limited to simple, routine, low stress (defined as unskilled work involving minimal changes in the routine, minimal decision making, avoiding fast pace work, such as assembly line jobs involving production quotas) tasks. Also, the claimant is limited to occasional brief, superficial interaction with the public, coworkers, and supervisors. The claimant has to avoid working around hazards such as moving dangerous machinery and unprotected heights.

(Tr. 19-20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, if he stopped the substance use, Mr. Phillips could perform his past relevant work as a dishwasher and, therefore, was not disabled. (Tr. 23-24).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Phillips's favor at step one and determined that he has not engaged in substantial gainful activity since his alleged onset date. (Tr. 15); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Phillips claimed prevented him from working. (Tr. 15-16); *see* 20 C.F.R. § 416.920(a)(4)(ii). Notably, the ALJ found that Mr. Phillips's mental retardation and asthma were non-severe. (Tr. 15). However, after finding several of Mr. Phillips's impairments severe, (Tr. 15-16), the ALJ continued with the sequential evaluation and considered, in assessing Mr. Phillips's RFC, the extent to which his impairments limited his ability to work. At step three, the ALJ determined that Mr. Phillips's severe impairments met the criteria of Listings 12.03 (schizophrenic, paranoid and other psychotic disorders), 12.04 (affective disorders), and 12.09 (substance addiction disorders). (Tr. 16-18); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.03, 12.04, 12.09 (2015). In doing so, the ALJ employed the "special technique," as required by 20 C.F.R. § 404.1520a, and made reference to the specific criteria for each listing that Mr. Phillips met. (Tr. 16-18).

Because the ALJ found medical evidence of a substance abuse disorder, the ALJ then evaluated whether Mr. Phillips's impairments would remain if he stopped his substance use. (Tr. 18-23); *see* 20 C.F.R. § 404.1535. The ALJ found that, if Mr. Phillips stopped the substance use,

his impairments of personality disorder and schizoaffective disorder would remain severe. (Tr. 18). The ALJ nonetheless found that, absent the substance use, Mr. Phillips's severe impairments did not meet, or medically equal, the criteria set forth in any listings. (Tr. 18-19). The ALJ specifically evaluated Listings 12.03, 12.04, 12.08, and 12.09. *Id.* The ALJ again employed the "special technique," and determined that Mr. Phillips would have "moderate" limitation in daily living activities, social functioning, and concentration, persistence, or pace, and would experience no episodes of decompensation. *Id.* In doing so, the ALJ cited to, and thoroughly discussed, the evidence in the record, including medical opinions, treatment notes, and Mr. Phillips's statements regarding his symptoms and daily activities. *Id.*

In considering Mr. Phillips's RFC, the ALJ summarized his subjective complaints from the hearing testimony. (Tr. 20). The ALJ next made an adverse credibility assessment, relying on: (1) Mr. Phillips's positive results from medication management; (2) Mr. Phillips's moderate symptoms while not taking drugs and alcohol; (3) the medical opinions of clinical psychologist, Dr. Lanning Moldauer, who found that Mr. Phillips was malingering; and (4) Mr. Phillips's past criminal activity, including assaults and drug dealing. (Tr. 20-22). The ALJ engaged in a detailed review of Mr. Phillips's medical records, which demonstrated moderate symptoms and significant improvement with medication. *Id.* For example, the ALJ observed that, during a March 13, 2013 appointment, Mr. Phillips stated that he "was good and positive" while taking medication as prescribed. (Tr. 21). The ALJ also noted that, during a May 29, 2013 appointment, Mr. Phillips indicated that he "had no anxiety and was not depressed. . . . [and] had energy." *Id.* Moreover, the ALJ assigned great weight to the State agency medical and consultant opinions, noting that Mr. Phillips "performs extensive activities of daily living." (Tr. 22). With respect to the treating doctors, the ALJ assigned "little weight" to the opinion of Dr. Arlene Paden, who opined that Mr. Phillips had "moderate" limitations in daily activities and social functioning, and "extreme" limitation in maintaining concentration. (Tr. 21); *see* (Tr. 313-14). Citing the medical records, the ALJ reasoned that Dr. Paden "had just begun treatment with [Mr. Phillips] and her progress notes do not support the extreme limitations." (Tr. 21).

Based on this evidence, the ALJ found that Mr. Phillips would be able to perform his past relevant work as a dishwasher, (Tr. 22), in addition to other jobs existing in significant numbers in the national economy, (Tr. 23). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Phillips's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's RFC determination was supported by substantial evidence.

For the reasons set forth above, the Commissioner's Motion for Summary Judgment, [ECF No. 22], is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge